JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Jason R. Vener, SBN: 267941
    E-mail: jvener@johnsonpham.com
Ani Sakalian, SBN: 274846
    E-Mail: asakalian@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiff
ZUMBA FITNESS, LLC

FILED
CLERK, U.S. DISTRICT COURT

JUN 28 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ZUMBA FITNESS, LLC, a Florida
Limited Liability Company,

          Plaintiff,

     vs.

RENEE ETHERIDGE, an Individual,
and Does 1-10, Inclusive,

          Defendants.

Case No.   LACV11-5356 PA(VBKx)

**COMPLAINT FOR DAMAGES:**

(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)]**
(2) **FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)];**
(3) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**
(4) **TRADEMARK DILUTION [15 U.S.C. §1125(c)];**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(5) UNFAIR BUSINESS
   PRACTICES [*CALIFORNIA
   BUSINESS & PROFESSIONS
   CODE* §17200];
(6) UNFAIR COMPETITION
   (California Common Law); and
(7) UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff ZUMBA FITNESS, LLC (hereinafter "Plaintiff"), to hereby file its Complaint against RENEE ETHERIDGE, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.    Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a Florida Limited Liability Company. Plaintiff conducts and operates a substantial part of its business in California, including the operations of Zumba® Fitness Trainings and Zumba® Fitness product sales. Also, Plaintiff fulfills orders for its DVD products out of operations facilities located in Los Angeles, California. Additionally, the management of Zumba® Fitness DVD product sales occurs within Los Angeles area, inside of California. Plaintiff's Direct Response Television Commercial operations are also conducted out of facilities located in Los Angeles, California. Furthermore, the video production companies employed by Zumba Fitness® to produce their popular Zumba® Fitness television and DVD programs operate within Los Angeles California, among other locations, and numerous Zumba® Fitness instructional and promotional programs and videos have been filmed and produced in California, including in the Los Angeles, California area.

1     2.    Plaintiff is informed and believes that RENEE ETHERIDGE is now,
2   and was at the time of the filing of this Complaint and at all intervening times, an
3   individual residing at 5028 Sabreline Terrace, Greenacres, Florida 33463.

4     3.    The true names and capacities, whether individual, corporate,
5   associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are
6   unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious
7   names.   When the true names and capacities of said Defendants have been
8   ascertained, Plaintiff will amend this pleading accordingly.

9     4.    Plaintiff further alleges that RENEE ETHERIDGE, and Does 1-10,
10  inclusive, sued herein by fictitious names are jointly, severally and concurrently
11  liable and responsible with the named Defendants upon the causes of action
12  hereinafter set forth.

13    5.    Plaintiff is informed and believes and thereon alleges that at all times
14  mentioned herein RENEE ETHERIDGE, and Does 1-10, inclusive, and each of
15  them, were the agents, servants and employees of every other Defendant and the
16  acts of each Defendant, as alleged herein, were performed within the course and
17  scope of that agency, service or employment.

18                              **JURISDICTION/VENUE**

19    6.  This Court has jurisdiction over the subject matter of the First and
20  Second Causes of Action (violation of the Lanham Act) pursuant to 15 U.S.C.
21  §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

22    7.  This Court has personal jurisdiction over Defendants because
23  Defendants have committed the tortious illegal activities of    trademark
24  infringement, copyright infringement and unfair competition in this district and/or
25  Defendants have sufficient minimum contacts with this district to such that the
26  exercise of jurisdiction over Defendants by this Court does not offend traditional
27  notions of fair play and substantial justice. Among other things, Defendants have
28  advertised, offered to sell and has sold products that infringe the trademarks and

1   copyrights of Plaintiff to consumers within this judicial district. Defendants have
2   also offered to sell and actually sold counterfeit products (described more fully
3   below) using an interactive internet website and knowing or having reason to know
4   that consumers throughout the United States, including within this judicial district,
5   would purchase said counterfeit goods from Defendants, believing that they were
6   authentic goods manufactured and distributed by Plaintiff or its authorized
7   manufacturers.

8       8.      Additionally, supplemental jurisdiction exists over Defendants
9   because on information and belief, Defendants conduct business in California and
10  in this judicial district, have purposefully directed action to California and this
11  district, or have otherwise availed themselves of the privileges and protections of
12  the laws of the State of California, such that this Court's assertion of jurisdiction
13  over Defendants does not offend traditional notions of fair play and due process.

14      9.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because
15  on information and belief, a substantial part of the events or omissions giving rise
16  to the claim occurred in this judicial district, and has caused damages to Plaintiff in
17  this district. The counterfeit Zumba® products were purchased from California and
18  Defendants purposefully shipped these counterfeit products into California.
19  Plaintiff operates a substantial part of its business in California, including the
20  business described in paragraph 1. Defendants' actions within this district directly
21  interfere with and damage Plaintiff's commercial efforts and endeavors and harms
22  Plaintiffs' goodwill within this Venue.

23                    **GENERAL ALLEGATIONS**

24        **Plaintiff and its Well-Known Fitness Products and Programs**

25      10.     Plaintiff is a health, wellness and fitness company involved in, among
26  other things, the development, production, sale, marketing, and distribution of
27  fitness programs, fitness DVDs, fitness products, and fitness apparel. Zumba®
28  Fitness is the only Latin-inspired dance-fitness program that blends international

1  music, created by Grammy Award-winning producers, with dance steps to form the
2  exceedingly popular Zumba® "fitness-party." One of the main components of
3  Plaintiff's business encompasses the production, sale and distribution of its
4  Zumba® fitness programs, fitness DVDs, fitness products, and fitness apparel,
5  including its famous Zumba® DVDs, Zumba ® Toning Sticks and Zumba®
6  apparel. Plaintiff's Zumba® branded products and services have achieved great
7  success. Since its inception in 2001, the Zumba® Fitness has grown to become the
8  world's largest – and most successful – dance fitness program with more than 10
9  million people taking weekly Zumba® classes in over 90,000 locations across
10  more than 110 countries.

11      11.   Plaintiff's Zumba® classes, including the Zumba® "fitness party,"
12  Zumba Gold®, Zumba® Toning, Aqua Zumba®, and Zumbatomic® fitness
13  classes, are offered throughout the world, across the United States, and in this
14  judicial district. Additionally, Plaintiff has embodied its program in a popular
15  Zumba® Fitness video game available on the Kinect, Nintendo Wii and Sony
16  Playstation Move motion interactive gaming systems. And, in 2005, Plaintiff
17  created and the Zumba Academy™ to license Zumba® Instructors and to teach
18  Zumba® classes.   Plaintiff also has a network of instructors, known as the
19  Zumba® Instructor Network, in which thousands of Californians participate –
20  hundreds of whom are in the Los Angeles county area.

21      12.   Plaintiff has spent substantial time, money and effort in developing
22  consumer recognition and awareness of its marks, copyrights and products.
23  Plaintiff has spent an enormous amount of money on print and internet advertising
24  in order to inform consumers of the benefits Plaintiff's products and services.
25  Through the extensive use of the Plaintiff's marks, Plaintiff has built up and
26  developed significant goodwill in its entire fitness product line. A wide array of
27  newspapers, magazines and television networks has included advertising of
28  Plaintiff's products, which are immediately identified by Plaintiff's marks and

1  have featured full length articles describing both the popularity and benefits of the
2  Zumba Fitness® products, apparel and programs. Theses periodicals and new
3  media outlets have included, The Washington Post, CNN, The New York Times,
4  Shape Magazine, The Wall Street Journal, Redbook, Time Magazine, Readers
5  Digest, The London Times, Reuters, SELF Magazine, Cosmopolitan Magazine,
6  Variety Magazine as well as many others.

7      13.    Plaintiff is also heavily involved in and uses its popularity to pursue
8  charitable a socially beneficial goals. For example, small support groups at Zumba
9  classes across the country started organizing Zumbathon™ charity events to raise
10  money for breast cancer and other worthy causes. Over 1,200 of these charity
11  events have already occurred, about one hundred of which have occurred in
12  California.   The numbers grew so high that Plaintiff itself instituted a formal
13  campaign of Party in Pink™ Zumbathon™ charity events, with more than 725
14  events (so far), seeking to raise awareness of breast cancer and funding for the
15  pursuit of a cure. Plaintiff also started a campaign of Party Hearty™ Zumbathon™
16  charity events with the American Heart Association, seeking to raise awarness of
17  heart disease, with hundreds of events in the works and over 400 already having
18  taken place.

19      14.    As a result of Plaintiff's efforts, the quality of Plaintiff's products, the
20  high degeee of promotion and the quality and popularity of the Zumba® products
21  and classes, the Zumba® marks and the Zumba® fitness DVDs, products, and
22  services have been prominently placed in the minds of the public.   Consumers,
23  purchasers and the members of the public have become familiar with the Plaintiff's
24  intellectual property, fitness DVDs, fitness programs and other products and
25  services, and have come to recognize the Zumba® marks, products and services
26  and associate them exclusively with Plaintiff – Plaintiff has acquired a valuable
27  reputation and goodwill among the public as a result of such association. Indeed,
28  the Zumba® marks are famous in the United States.

15.    In addition to the above, Plaintiff also owns or otherwise controls copyrights in and related to their Zumba® fitness products, programs and services. Plaintiff's rights protect the entirety of the Zumba DVDs and the entirety of the creative elements embodied in Zumba® fitness products, programs and services.

16.    While Plaintiff has gained significant common law trademark and other rights in its Zumba® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

17.    Plaintiff owns the following United States Trademark Registrations for Zumba® and their "Zumba" related marks: U.S. Reg. Nos. 3244094 (Registered May 22, 2007); 3884150 (Registered November 30, 2010); 3717909 (Registered December 1, 2009); 3851238 (Registered September 21, 2010); 3799511 (Registered June 8, 2010); 3799050 (Registered June 8, 2010); 3618757 (Registered May 12, 2009); 3501639 (Registered September 16, 2008); 3452926 (Registered June 24, 2008); 3452872 (Registered June 24, 2008); 3435705 (Registered May 27, 2008); and 3296721 (Registered September 25, 2007). These are attached hereto as Exhibits "A"-"L."

18.    Plaintiff also has several marks related to its Zumba® line of products and services, pending registration, having the following United States Trademark Serial Numbers: 85238076; 85178051; 85207043; 85114273; 83131063; 85131208; 7770898; and 77497774.

19.    Plaintiff also owns several United States Copyright Registrations relating to its Zumba ® fitness DVDs and fitness products, including the Copyright Registrations with the following registration numbers: SR0000646122 (Registered June 10, 2010); SR0000646123 (Registered June 10, 2010); SR0000646121 (Registered June 10, 2010); VA0001654875 (Registered March 3, 2009); TX0007029953 (Registered September 23, 2009); PA0001634065 (Registered May 15, 2009); SR0000646124 (Registered June 10, 2010); VA0001724930

1 | (Registered July 14, 2009); and SR0000665581 (Registered November 8, 2010.
2 | Certificates of Registration for each these Copyrights are attached hereto as
3 | Exhibits "M"-"U."

4 |     20.    Plaintiff also has copyrights in numerous other works related to its
5 | DVD products and other services and products, many of which are pending in
6 | applications for copyright with the U.S. Copyright Office. The relevant
7 | application numbers are 1-571711041; 1-571665911; 1-549820239; 1-543235826;
8 | 1-542664272; 1-542663792; 1-542663692; 1-540928432; 1-540593549; 1-
9 | 540534516; 1-540533909; 1-540533662; 1-540061825; 1-539956577; 1-
10 | 539534922; 1-539534655; 1-539484198; 1-539484171; 1-539484012; 1-
11 | 539199342; 1-538175327; 1-538175656; 1-538150545; 1-537165969; 1-
12 | 524224861; and 1-453233831.

13 |     21.    Plaintiff has never authorized or consented to Defendants' use of
14 | Plaintiff's Zumba® or other Trademarks, its copyrights or any confusingly similar
15 | marks, colorable imitations, or copied or derivative works by Defendants; nor has
16 | Plaintiff authorized Defendants to manufacture, copy, sell, import, market, or
17 | distribute any Zumba® product.

18 | **Defendants' Wrongful and Infringing Conduct**

19 |     22.    Particularly in light of the success of Plaintiff and Plaintiff's products
20 | as well as the reputation they have gained, Plaintiff and its products have become
21 | targets for unscrupulous individuals and entities who wish to take a free ride on
22 | both the goodwill, reputation and fame Plaintiff has spent considerable effort and
23 | resources to build up in its products and marks, and the works embodied in
24 | Plaintiff's fitness products.

25 |     23.    A large number of these individuals and entities deal in pirated and
26 | counterfeit Zumba®-branded DVDs and other products and services, including the
27 | famous Zumba® Fitness 4-disc original DVD product, Zumba® Fitness Total
28 | Body Transformation DVD Set, Zumba® Fitness Toning Sticks, and Zumba®

1  apparel and Zumba® Instructor Network materials.  Their actions vary and include
2  manufacturing, copying, exporting, importing, advertising, promoting, selling, and
3  distributing counterfeit and otherwise unauthorized products.

4     24.    Defendants own and operate a webpage on eBay.com under the name
5  "memorablewedding."    Through  this  webpage,  Defendants  regularly  and
6  systematically  advertised,  marketed,  distributed  and  sold  products  bearing
7  unauthorized Zumba's® registered trademarks and copyrighted materials.  As of
8  June 22, 2011, Defendants' webpage showed at least 21 prior sales of Zumba®
9  products.  Indeed, Defendants' webpage shows over 21 feedbacks from various
10  purchasers.

11     25.    Through such business activities, Defendants purposely derived
12  benefit from their interstate commerce activities by expressly targeting foreseeable
13  purchasers in the State of California. But for Defendants' advertising, soliciting
14  and selling of counterfeit Zumba® products, Plaintiff would not have been able to
15  make a purchase of the subject product.

16     26.    On May 6, 2011, in its ongoing investigation of counterfeit sales of
17  Zumba® products, from the State of California, Plaintiff purchased a counterfeit
18  Zumba® Fitness 4 DVD box set from Defendants, for a cost of $43.49 charged to
19  the PayPal electronic payment account of Plaintiff's investigator.  A true and
20  correct copy of the website purchase receipt is attached hereto as Exhibit "V."

21     27.    Defendants intentionally and knowingly accepted Plaintiff's money
22  from a financial institution located in the State of California.

23     28.    Defendants also intentionally and knowingly delivered the counterfeit
24  product into the State of California.

25     29.    The product purchased from Defendants was inspected to determine
26  authenticity.    The inspection of the purchased item confirmed that the item
27  Defendants sold to the investigator was in fact a counterfeit and an unauthorized
28  Zumba® Fitness 4 DVD box set.

30.     By these sales – and, on information and belief, Defendants' other dealings in counterfeit product(s) (including importing, advertising, displaying, distributing, selling and/or offering to sell counterfeit and unauthorized product) – Defendants violated and continue to violate Plaintiff's exclusive rights in its copyrighted and trademarked materials, goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product.  Defendants' conduct and use began long after Plaintiff's adoption and use of its Zumba® trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiffs marks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with an intent to cause confusion, tarnish, counterfeit and dilute Plaintiff's marks and copyrighted products.     Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's Zumba® trademarks or copyrights in the manner complained of here.

31.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.  By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

32.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished, counterfeited and diluted Plaintiff's rights in the Zumba® marks; (ii) infringed Plaintiff's copyrights; (iii) applied counterfeit marks; (iv) misled the public into

1   believing there is an association or connection between Defendants and Plaintiff
2   and/or the products advertised and sold by Defendants and Plaintiff; (v) used false
3   designations of origin on or in connection with its goods and services; (vi)
4   committed unfair competition; (vii) engaged in counterfeiting; and (viii) unfairly
5   profited from such activity. Unless enjoined, Defendants will continue to cause
6   irreparable harm to Plaintiffs.

7                          **FIRST CAUSE OF ACTION**
8   **(Infringement of Registered Trademarks Against RENEE ETHERIDGE, and**
9                          **Does 1-10, Inclusive)**
10                  **[15 U.S.C. §1114/Lanham Act §32(a)]**

11       33.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
12   1-32.

13       34.   Plaintiff has continuously used its ZUMBA® trademark in interstate
14   commerce since at least as early as July 31, 2001 and, subsequently, has used
15   continuously in commerce its U.S. Trademark Registration Nos. 3452926,
16   3717909, 3244094, 3435705, and 3452872 (collectively, the "asserted marks").

17       35.   Plaintiff, as the owner of all right, title and interest in and to these
18   trademarks, has standing to maintain an action for trademark infringement under
19   the U.S. Trademark Statute 15 U.S.C. §1114.

20       36.   Defendants are and at the time of their actions complained of herein
21   were actually aware that Plaintiff is the registered trademark holder of these
22   Zumba® marks. (*See* Exhibits "A" – "L" ).

23       37.   Defendants did not and failed to obtain the consent or authorization of
24   Plaintiff as the registered owner of the marks to deal in and commercially
25   distribute, market and sell Zumba® fitness DVDs and products bearing Plaintiff's
26   asserted marks into the stream of commerce.

27       38.   Defendants intentionally and knowingly used in commerce the
28   reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's

1  asserted marks in connection with the sale, offering for sale, distribution, or
2  advertising of Defendant's goods by offering, advertising, promoting, retailing,
3  selling, and distributing counterfeit Zumba® DVDs and products bearing the
4  Zumba® marks.

5      39.    Defendants reproduced, counterfeited, copied, and colorably imitated
6  Plaintiff's registered Zumba® marks and applied such reproductions, counterfeits,
7  copies, or colorable imitations to labels, signs, prints, packages, wrappers,
8  receptacles and/or advertisements intended to be used in commerce upon or in
9  connection with the sale, offering for sale, distribution, and/or advertising of
10  goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and
11  distributed counterfeit Zumba® DVDs and products bearing the Zumba® marks.

12      40.    Defendants' egregious and intentional use and sale of fake, pirated
13  and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or
14  to cause mistake, or to deceive, mislead, betray, and defraud consumers who
15  believe that Defendants' items are authentic products manufactured by Plaintiff.

16      41.    Defendants' acts have been committed with knowledge of Plaintiff's
17  exclusive rights and goodwill in the marks, as well as with bad faith and the intent
18  to cause confusion or to cause mistake and to deceive.

19      42.    Plaintiff has suffered and will continue to suffer substantial and
20  irreparable injury, loss and damage to its rights in and to the Zumba® marks and
21  the goodwill associated therewith, for which it has no adequate remedy at law; thus
22  Plaintiff requests injunctive relief.

23      43.    Defendants' continued and knowing use of Plaintiff's asserted marks
24  without Plaintiff's consent or authorization constitutes intentional infringement of
25  Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham*
26  *Act*, 15 *U.S.C.* §1114. Based on such conduct, Plaintiff is entitled to injunctive
27  relief as well as monetary damages, and other remedies provided by section 1116,
28

1 | 1117, and 1118, including Defendants' profits, treble damages, reasonable
2 | attorneys' fees, costs, statutory damages and/or prejudgment interest.

3 | ## SECOND CAUSE OF ACTION

4 | **(Federal Copyright Infringement Against RENEE ETHERIDGE, and Does 1-**
5 | **10, Inclusive)**

6 | **[17 U.S.C. §501(a)]**

7 |     44.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
8 | 1-43.

9 |     45.    Plaintiff is the exclusive owner of copyrights in and related to its
10 | Zumba® fitness DVDs and products and possesses copyright registrations with the
11 | United States Copyright Office relating to the same, including U.S. Copyright
12 | Registration Numbers SR0000646122; SR000064123; SR000064612;
13 | VA0001654875; TX007029953; PA0001634065; SR0000646124; and
14 | VA0001724930. (*See* Exhibits M-U).

15 |     46.    Defendants did not seek and failed to obtain Plaintiff's consent or
16 | authorization to utilize, manufacture, reproduce, copy, display, prepare derivative
17 | works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-
18 | protected materials.

19 |     47.    Without permission, Defendants intentionally and knowingly
20 | reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's
21 | protected works by offering, advertising, promoting, retailing, selling, distributing
22 | counterfeit Zumba® DVDs and products which are at a minimum substantially
23 | similar to Plaintiff's copyright protected works.

24 |     48.    Defendants' acts as alleged herein, constitute infringement of
25 | Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute
26 | and/or sell such protected material.

27 |     49.    Defendants' knowing and intentional copyright infringement as
28 | alleged herein has caused and will continue to cause substantial and irreparable

1    harm to Plaintiff and has and will continue to cause damage to Plaintiff. Plaintiff
2    is therefore entitled to injunctive relief, actual damages, statutory damages,
3    Defendants' profits, increased damages, and reasonable attorney's fees and costs.

**THIRD CAUSE OF ACTION**

**(False Designation of Origin & Unfair Competition Against RENEE**

**ETHERIDGE, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

8        50.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
9    1-49.

10       51.    Plaintiff, as the owner of all common law right, title, and interest in
11   and to the Zumba® marks, has standing to maintain an action for false designation
12   of origin and unfair competition under the Federal Trademark Statute, Lanham Act
13   section 43(a) (15 U.S.C. §1125). Plaintiff's asserted marks are fanciful, inherently
14   distinctive and/or have acquired distinctiveness.

15       52.    Defendants have without authorization, on or in connection with its
16   goods and services, used in commerce marks that are confusingly similar to the
17   asserted marks, and/or has made false designations of origin which are likely to
18   cause confusion or cause mistake or to deceive as to the affiliation, connection or
19   association of Defendants with Plaintiff, and/or as to the origin, sponsorship or
20   approval of Defendants' goods or services or commercial activities.

21       53.    Defendants' conduct described above violates the Lanham Act, and
22   Defendants have unfairly competed with and injured and, unless immediately
23   restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an
24   amount to be determined at trial, and will cause irreparable injury to Plaintiff's
25   goodwill and reputation associated with the value of Plaintiff's mark.

26       54.    On information and belief, the conduct of Defendants has been
27   knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to
28   deceive and in blatant disregard of Plaintiff's rights.

- 14 -
**COMPLAINT FOR DAMAGES**

1    55.   Defendants knew or by the exercise of reasonable care should have
2    known that their adoption and commencement of use in commerce and continuing
3    use of marks that are confusingly similar to and constitute a counterfeit
4    reproduction of Plaintiff's asserted marks would cause confusion, mistake, or
5    deception among purchasers, users and the public.

6    56.   Defendants' egregious and intentional use and sale of fake, pirated
7    and counterfeit items bearing Plaintiff's asserted marks unfairly competes with
8    Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray,
9    and defraud consumers to believe that the substandard imitations are genuine
10   Zumba® or products.

11   57.   Defendants' continuing and knowing use of Plaintiff's asserted marks
12   constitutes false designation of origin and unfair competition in violation of
13   Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer
14   substantial and irreparable injury for which it has no adequate remedy at law.

15   58.   Defendants' wrongful conduct has permitted or will permit it to make
16   substantial sales and profits on the strength of Plaintiff's marketing, advertising,
17   sales and consumer recognition.  As a direct and proximate result of Defendants'
18   wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of
19   sales of its Zumba® products in an amount as yet unknown but to be determined at
20   trial, and has been deprived and will be deprived of the value of its marks as
21   commercial assets in an amount as yet unknown but to be determined at trial.
22   Plaintiff seeks damages and an accounting of Defendants' profits, and requests that
23   the Court grant Plaintiff three times that amount in the Court's discretion.

24   59.   Based on Defendants' wrongful conduct, Plaintiff is entitled to
25   injunctive relief as well as monetary damages, and other remedies as provided by
26   the Lanham Act, including Defendants' profits, treble damages, reasonable
27   attorneys' fees, costs and prejudgment interest.

28   ///

**FOURTH CAUSE OF ACTION**

**(Dilution Against RENEE ETHERIDGE, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

60.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-59.

61.     Plaintiff's asserted marks are distinctive and famous within the meaning of the Lanham Act.

62.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's asserted marks.  Defendants' conduct is willful, wanton and egregious.

63.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine Zumba® fitness DVDs and products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

64.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

65.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15

///

///

1  U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual ans

2  statutory damages, treble damages, reasonable attorney's fees, costs and

3  prejudgment interest.

4  **FIFTH CAUSE OF ACTION**

5  **(Unlawful, Unfair, Fraudulent Business Practices Against RENEE**

6  **ETHERIDGE, and Does 1-10, Inclusive)**

7  **[*California Business & Professions Code* §17200 *et seq.*]**

8  66.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

9  1-65.

10  67.   By marketing, advertising, promoting, selling and/or otherwise

11  dealing in the counterfeit Zumba® product, Defendants have engaged in unfair

12  competition including unlawful, unfair and fraudulent business practices in

13  violation of the California Business and Professions Code §17200 *et seq.*

14  68.   Defendants' marketing, advertising, promoting, selling and/or

15  otherwise dealing in the counterfeit Zumba® product is in violation and derogation

16  of Plaintiff's rights and is likely to cause confusion, mistake and deception among

17  consumers and the public as to the source, origin, sponsorship, or quality of the

18  goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the

19  purchasing public.  Defendants' conduct was intended to cause such loss, damage

20  and injury.

21  69.   Defendants knew or by the exercise of reasonable care should have

22  known that their marketing, advertising, promoting, selling and/or otherwise

23  dealing in and their continuing marketing, advertising, promoting, selling and/or

24  otherwise dealing in the counterfeit product would cause confusion mistake or

25  deception among purchasers, users and the public.

26  70.   By marketing, advertising, promoting, selling and/or otherwise

27  dealing in and their continuing marketing, advertising, promoting, selling and/or

28  otherwise dealing in counterfeit versions of Plaintiffs marks and products,

1   Defendants intended to and did induce and intends to and will induce customers to

2   purchase its products by trading off the extensive goodwill built up by Plaintiff's in

3   its marks.

4       71.   Upon information and belief, the conduct of Defendants has been

5   knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to

6   deceive, and in disregard of Plaintiff's rights.

7       72.   Defendants' wrongful conduct, as alleged above, has permitted and

8   will permit them to make substantial sales and profits on the strength of Plaintiff's

9   nationwide marketing, advertising, sales and consumer recognition.  As a direct

10   and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff

11   has been and will be deprived of substantial sales of its products in an amount as

12   yet unknown but to be determined at trial, and has been and will be deprived of the

13   value of its trademarks as commercial assets, in an amount as yet unknown but to

14   be determined at trial.  Plaintiff seeks restitution in this matter, including an order

15   granting Defendants' profits stemming from its infringing activity, and its actual

16   and/or compensatory damages.

17       73.   Plaintiff has no adequate remedy at law for Defendants' continuing

18   violation of its rights set forth above.  Plaintiff seeks injunctive relief.

19       74.   Plaintiff further requests a court order that an asset freeze or

20   constructive trust be imposed over all monies and assets in Defendants' possession

21   which rightfully belong to Plaintiff.

22                     **SIXTH CAUSE OF ACTION**

23   **(Unfair Competition Against RENEE ETHERIDGE, and Does 1-10,**

24                            **Inclusive)**

25                   **[California Common Law]**

26       75.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

27   1-74.

28

76.   By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit Zumba® product, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of California.

77.   Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit Zumba® product is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

78.   Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

79.   By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks, copyrights and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff's in its marks.

80.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

81.   Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition, all of which

1   Plaintiff invested substantial time and effort to create and protect.  As a direct and
2   proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has
3   been and will be deprived of substantial sales of its products in an amount as yet
4   unknown but to be determined at trial, and has been and will be deprived of the
5   value of its trademarks as commercial assets, in an amount as yet unknown but to
6   be determined at trial.  Plaintiff seeks an order granting Defendants' profits
7   stemming from its infringing activity, and its actual and/or compensatory damages.

8       82.   Plaintiff has no adequate remedy at law for Defendants' continuing
9   violation of its rights set forth above.  Plaintiff seeks preliminary and permanent
10  injunctive relief.

11      83.   Plaintiff seeks exemplary or punitive damages for Defendants'
12  intentional misconduct.

13              **SEVENTH CAUSE OF ACTION**

14  **(Unjust Enrichment Against RENEE ETHERIDGE, and Does 1-10, Inclusive)**

15      84.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
16  1-83.

17      85.   By virtue of the egregious and illegal acts of Defendants as described
18  above, Defendants have been unjustly enriched in an amount to proven at trial.

19      86.   Defendants' retention of monies gained through its deceptive business
20  practices, infringement, acts of counterfeit and otherwise would serve to unjustly
21  enrich Defendants and would be contrary to the interests of justice.

22      **WHEREFORE**, Plaintiff ZUMBA FITNESS, LLC, prays for judgment
23  against Defendant RENEE ETHERIDGE, and Does 1-10, inclusive, and each of
24  them, as follows:

25      A. For an award of Defendants' profits and Plaintiff's damages in an amount
26          to be proven at trial for trademark infringement under 15 U.S.C.
27          §1114(a);

28      B. For an award of Defendants' profits and Plaintiff's damages in an amount

1    to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

2    C. For an award of Defendants' profits and Plaintiff's damages in an amount

3    to be proven at trial for false designation of origin and unfair competition

4    under 15 U.S.C. §1125(a);

5    D. For an award of Defendants' profits and Plaintiff's damages in an amount

6    to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

7    E. In the alternative to actual damages and Defendants' profits for the

8    infringement and counterfeiting of Plaintiff's trademark pursuant to the

9    Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c),

10   which election Plaintiff will make prior to the rendering of final

11   judgment;

12   F. In the alternative to actual damages and Defendants' profits pursuant to

13   17 U.S.C. §504(b), for statutory damages pursuant to 17 USC §504(c),

14   which election Plaintiff will make prior to the rendering of final

15   judgment;

16   G. For restitution in an amount to be proven at trial for unfair, fraudulent

17   and illegal business practices under *Business and Professions Code*

18   §17200;

19   H. For damages to be proven at trial for common law unfair competition;

20   I. For temporary, preliminary and permanent injunctive relief from this

21   Court prohibiting Defendants from engaging or continuing to engage in

22   the unlawful, unfair, or fraudulent business acts or practices described

23   herein, including the advertising and/or dealing in any counterfeit

24   product; the unauthorized use of any mark, copyright or other intellectual

25   property right of Plaintiff; acts of trademark infringement or dilution; acts

26   of copyright infringement; false designation of origin; unfair competition;

27   and any other act in derogation of Plaintiff's rights;

28   J. For an order from the Court requiring that Defendants provide complete

- 21 -
**COMPLAINT FOR DAMAGES**

accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

K. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 USC §503;

M. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

N. For damages in an amount to be proven at trial for unjust enrichment;

O. For an award of exemplary or punitive damages in an amount to be determined by the Court;

P. For Plaintiff's reasonable attorney's fees;

Q. For all costs of suit;

R. For such other and further relief as the Court may deem just and equitable.

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff ZUMBA FITNESS, LLC, respectfully demands a trial by jury in this action.

DATED: June 24, 2011

JOHNSON & PHAM, LLP

By:
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Jason R. Vener, Esq.
Ani Sakalian, Esq.
Attorneys for Plaintiff
ZUMBA FITNESS, LLC